[NOT FOR PUBLICATION]                                      [DOCKET NO. 102]

                         UNITED STATES DISTRICT COURT
                            DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO. ("GEICO"), et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>BARRY A. KORN, D.O., et al.,<br><br>          Defendants. | HONORABLE RENÉE MARIE BUMB<br>Civil No. 14-5742 (RMB/KMW)<br><br>**OPINION** |

**APPEARANCES**:

RIVKIN RADLER LLP
By:  John Robertelli, Esq.
     Patricia E. Doran, Esq.
21 Main Street, Suite 158
Court Plaza South, West Wing
Hackensack, New Jersey 07601
          Counsel for Plaintiffs


WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP
By:  Laurence T. Bennett, Esq.
     Ryan J. Mowll, Esq.
305 Fellowship Road, Suite 200
Mount Laurel, New Jersey 08054
          Counsel for Defendants Edward F. McMenamin and
          Curamed, LLC


FLYNN & ASSOCIATES, P.C.
By:  Thomas F. Flynn, III, Esq.
     Frank Brennan, Esq.
2091 Springdale Road, Suite 2
Cherry Hill, New Jersey 08003

1

        Counsel for Defendants Russell I. Abrams, M.D., and
        Neurology Pain Associates, P.C.

HOLSTON, MACDONALD, UZDAVINIS, ZIEGLER, LODGE & MYLES, P.C.
By:  Teri S. Lodge, Esq.
     William F. Ziegler, Esq.
66 Euclid Street
Woodbury, New Jersey 08096
        Counsel for Defendants Alfred Tawadrous, M.D., and
        Primary Care & Rehabilitation, P.C.

**BUMB,** United States District Judge:

In this suit, Plaintiffs Government Employees Insurance Co. ("GEICO")[1] claim that Defendants-- (1) Mr. Edward McMenamin and Curamed, LLC; (2) Dr. Russell Abrams and Neurology Pain Associates, P.C.; and (3) Dr. Alfred Tawadrous and Primary Care & Rehabilitation, P.C.[2]-- conspired to commit large-scale and coordinated insurance fraud by routinely billing GEICO for medically unnecessary, or nonexistent, services provided to Defendants' patients who are GEICO's insureds under New Jersey's no fault car insurance / personal injury protection (PIP) law.

---

[1] Specifically, there are four Plaintiffs: Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. All parties refer to Plaintiffs collectively as "GEICO." The Court will do the same.

[2] Defendant Dr. Barry A. Korn, D.O., was dismissed with prejudice from this suit on March 11, 2015.

Senior United States District Judge Irenas previously denied the Defendants' Motions to Dismiss.[3]  Presently before the Court is GEICO's Motion to Dismiss the counterclaims of Defendants Abrams / Neurology Pain, and Tawadrous / Primary Care.[4]

For the reasons stated herein, the Motion will be granted, however Counterclaimants will be granted leave to amend consistent with the rulings stated herein.

**I.**

As set forth in Judge Irenas' previous opinion, the amount in controversy between the parties is very large.  GEICO seeks to recover more than $2.5 million in paid claims, and seeks a declaration that it is not obligated to pay an additional $3.1 million in pending claims.  *See generally Gov't Employees Ins. Co. "GEICO" v. Korn,* 310 F.R.D. 125 (D.N.J. 2015).

It appears-- although as set forth below, it is not entirely clear from the pleadings-- that the Counterclaimants seek a similarly large amount of damages on their counterclaims.  Counterclaimants' theory of their case seems to be at least this: they have committed no fraud, therefore, GEICO has

---

[3]  Judge Irenas passed away in October, 2015.  This case was then reassigned to the undersigned.

[4]  Defendants McMenamin / Curamed assert no counterclaims.

wrongfully withheld payment on the medical claims they have submitted for payment pursuant to the PIP coverage insurance contracts between GEICO and Counterclaimants, as assignees of the insured patients.

Both Answers-- Abrams' / Neurology Pain's Answer (Docket #98), and Tawadrous' / Primary Care's Answer (Docket #99)-- assert four identical Counterclaims[5]:

> Count 1: "Plaintiffs' failure and/or refusal to reimburse the claims submitted by the Counterclaimants . . . is [a] breach of GEICO's implied or in-fact contracts with Counterclaimants." (¶ 7)
>
> Count 2: "GEICO has routinely violated the [New Jersey Unfair Claim Settlement Practices Act] [by] routinely and regularly adjust[ing] claims filed by the [C]ounterclaimants to establish lower reimbursement amounts with no factual or medical basis to justify the reductions." (¶¶ 11, 13)
>
> Count 3: "GEICO has wrongfully failed and/or refused to make payment of Counterclaimants' bills for services in violation of [the New Jersey No-Fault Law / PIP coverage law]." (¶ 18)
>
> Count 4: "GEICO has engaged in unfair claim settlement practices, in violation of [the New Jersey Unfair Claims Settlement Practices Act]" (¶ 27) by:
>
> - "fail[ing] to act reasonably promptly in reimbursing valid claims submitted to them by

---

[5] It appears that the counterclaims were cut and pasted from the same document. They even include identical errors; for example, in one paragraph, referring to GEICO as "Allstate." See Abrams / Neurology Pain Answer Counterclaim ¶ 2; Tawadrous / Primary Care Answer Counterclaim ¶ 2.

4

>       Counterclaimants and have frivolously placed hundreds of valid claims into arbitration;" (¶ 21)

- "fail[ing] to pay claims without conducting a reasonable investigation;" (¶ 23) [and]

- "fail[ing] to act in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become perfectly clear;" (¶ 24)

## II.

### A.

Federal Rule of Civil Procedure 8 mandates that "pleading[s] . . . must contain . . . a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  A pleading must "be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Glover v. F.D.I.C.*, 698 F.3d 139, 147 (3d Cir. 2012)(internal citation and quotation omitted).

### B.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon

which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a court must accept as true all factual allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

Each Counterclaim is addressed separately, in reverse order, beginning with Count 4.

**A.**

As should be apparent from the above-quoted portions of the Answers, Counterclaimants' pleadings are quite muddled. Count 4 is the most muddled. The parties' briefs seem to assume that Count 4 includes both a claim for violation of the New Jersey Insurance Trade Practices Act, N.J.S.A. 19:29B-1 et seq. (ITPA), and a bad faith claim. Perhaps this is what Counterclaimants intended, but it is not what is currently pled.

There is exactly one reference to the ITPA in the entire pleading: "The [Insurance] Trade Practices Act, N.J.S.A. 19:29B-1 et seq. was designed to regulate trade practices in the business of insurance and to stamp out unfair trade practices such as misrepresenting the terms of an insurance contract or refusing to pay a valid claim. N.J.S.A. 19:29B-4." (¶ 22)

Likewise, there is exactly one reference that might be construed as asserting a bad faith claim: "GEICO has . . . failed to act in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become perfectly clear." (¶ 24)

Both of these sentences, however, appear within Count 4, which asserts a "violation" of the New Jersey Unfair Claims Settlement Practices Act, N.J.S.A. 17B:30-13.1 et seq. (UCSPA).

Further adding to the confusion are Counterclaimants' concessions that there is no private right of action under either the ITPA or the UCSPA. *See Lemelledo v. Benefit Mgmt.*

7

*Corp.,* 150 N.J. 255, 272 (1997)("No private cause of action for damages exists under the ITPA.")[6]; *Pickett v. Lloyd's*, 131 N.J. 457, 468 (1993)(the UCSPA "regulatory framework does not create a private cause of action"); *Pierzga v. Ohio Casualty Group of Ins. Cos.*, 208 N.J. Super. 40, 45 (App. Div. 1986)(no private cause of action under ITPA or UCSPA); *see also R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 168 N.J. 255, 275 (2001)("In the context of insurance statutes, our courts have . . . concluded that where there is no discernable legislative intent to authorize a private cause of action in a statutory scheme that already contains civil penalty provisions, the courts will not infer a private cause of action.").

Neither the Court, nor apparently the parties, have a clear understanding of the legal claim, or claims, asserted in Count 4.  Therefore, the Court holds that Count 4 fails to comply with Federal Rule of Civil Procedure 8.  The Count will be dismissed, with leave to amend.

**B.**

Count 3 seems, at least to the Court, to assert a violation of New Jersey's No Fault Act-- the vast majority of the count is language cut-and-pasted from the statute itself.  None of the

---

[6]  *See also Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254, 264 (3d Cir. 2007)("The parties agree that there is no private right of action under ITPA.").

parties' briefs, however, treat this as a separate claim. Indeed, it is not clear how Count 3 materially differs, either factually or legally, from the breach of contract claim asserted in Count 1.

Factually, Count 3 alleges that "GEICO has wrongfully failed and/or refused to make payment of Counterclaimants' bills for services rendered in violation of New Jersey statutory and case law," (¶ 18); and Count 1 alleges that "GEICO has wrongfully failed and/or refused to make payment of Counterclaimant's [sic] bills for services rendered which is breach of the implied and/or in-fact contracts entered into with Counterclaimants which is in violation of New Jersey statutory and case law." (¶ 6) The only fact pled in either count is that GEICO has not paid the Counterclaimants' bills. The rest is simply bald and vague legal conclusions.

Legally-- at least for pleading purposes-- there seems to be no difference between a breach of PIP insurance contract claim and a statutory claim for PIP benefits. *See Milcarek v. Nationwide Ins. Co.,* 190 N.J. Super. 358 (App. Div. 1983) (reasoning that no punitive damages are recoverable in a suit for PIP benefits because the claim is contractual in nature); *cf. Manetti v. Prudential Property & Casualty Ins. Co.,* 196 N.J. Super. 317, 320-321 (App. Div. 1984) (distinguishing *Milcarek* stating, "in determining if plaintiff is constitutionally

9

entitled to a trial by jury, [an] action [to recover unpaid PIP benefits] should not be considered contractual but rather should be characterized as statutory."); *see generally Velli v. Rutgers Cas. Ins. Co.*, 257 N.J. Super. 308, 310 (App. Div. 1992) ("[the] purpose [of the No Fault Act] is the swift delivery of contractual PIP benefits without regard to fault, and without protracted litigation, to defray the economic costs of auto accidents.").

For the above-stated reasons, as well as the reasons stated in Section III., D. *infra* addressing the breach of contract count, Count 3 fails to plead sufficient factual content and is not sufficiently clear as to the legal claim asserted.  The Count will be dismissed with leave to amend.

### C.

Count 2 asserts a violation of the UCSPA.  This Count fails to state a claim because, as already noted *supra*, there is no private right of action under that statute.

Count 2 will be dismissed with prejudice.

### D.

Count 1 asserts breaches of the individual insurance contracts between GEICO and its insureds, which Counterclaimants assert as assignees of the insureds.

10

GEICO moves to dismiss on Rule 8 grounds, asserting that Counterclaimants fail to identify the contracts, the insureds, the medical procedures, or the unpaid bills that would support their breach of contract claims.  In response, Abrams / Neurology pain merely assert, "the contracts at [sic] question are the contracts between the insured drivers and GECIO [sic]." (Opposition Brief, p. 6)  Tawadrous / Primary Care are a bit more specific in their response, explaining that "[t]he Counterclaimants have . . . identified each of the contracts for which they have asserted a breach of contract claim, since they are the same exact ones that are at issue in GEICO's claims." (Opposition Brief, p. 6)

The problem with Counterclaimants' argument however, is that GEICO asserts no breach of contract claims.  GEICO's claims are extra-contractual, mainly sounding in fraud.  This case is not a case where counterclaimants assert mirror-image breach of contract counterclaims in response to breach of contract claims. Under the circumstances of this case, it is not enough to assert that the contracts "at issue" are the same contracts "at issue" in GEICO's claims.

While encompassed in one "breach of contract" count, Counterclaimants are actually asserting breaches of hundreds-- if not thousands-- of individual insurance contracts over the

11

span of approximately nine years.[7] Under such circumstances, the simple assertion that "GEICO has wrongfully failed and/or refused to make payment of Counterclaimant's bills for services rendered" will not do.

Count 1 will be dismissed with leave to amend.

### IV.

Based on the foregoing, the Motion to Dismiss will be granted. However, Counterclaimants will be granted leave to amend Counts 1, 3 and 4. An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 21, 2016

---

[7] The counterclaims allege wrongful activity going back to 2006. The length of time is significant. Under New Jersey's No Fault Act, "every action for the payment of benefits payable under a standard automobile insurance policy . . . shall be commenced not later than two years after the injured person . . . suffers a loss or incurs an expense." N.J.S.A. 39:6A-13.1; *see generally Ochs v. Federal Ins. Co.*, 90 N.J. 108 (1982)(interpreting the statute of limitations for PIP benefits suits). Without a more precise articulation of when individual insureds incurred expenses, the timeliness of the breach of contract claims / PIP benefit claims cannot be determined.